

# Fourth Court of Appeals
## San Antonio, Texas

February 10, 2017

No. 04-16-00835-CV

Alejandro **RODRIGUEZ** and Lisa Rodriguez,
Appellants

v.

**VRM** (Vendor Resource Management), Duly Authorized Agent for The Secretary of Veterans Affairs,
Appellees

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 2016CV04366
Honorable Jason Wolff, Judge Presiding

# O R D E R

The reporter's record was due January 9, 2017, but was not filed. On January 11, 2017, the court reporter filed a notification of late record stating the record was not filed because appellant had neither paid nor arranged to pay the reporter's fee to prepare the record and that appellant is not entitled to the record without paying the fee. *See* TEX. R. APP. P. 34.6(b), 35.3(b). Accordingly, we ordered appellant to provide written proof to this court that either: (1) the reporter's fee has been paid or arrangements satisfactory to the reporter have been made to pay the reporter's fee; or (2) appellant is entitled to the record without prepayment of the reporter's fee. *See id.* R. 35.3(b).

On January 23, 2017, appellant filed a letter in this court stating he had "left a detailed message . . . with the court reporter . . . detailing [the] request for a record of proceedings . . . and offering payment electronically or otherwise upon her estimate of costs." We contacted the reporter and confirmed that the arrangements for payment were satisfactory and that upon payment, she would immediately file the record. However, no record was filed. Thereafter, on February 2, 2017, the court reporter filed a second notification of late record. She confirms payment arrangements were made on January 24, 2017 — appellant's counsel was to mail the reporter payment for the record — but she advises has not received the promised payment and although the record is complete, she will not file it until she has received payment. We attempted to contact appellant's counsel by telephone on February 2, 2017, but as of the date of the order, had received no response. Accordingly, on February 6, 2017, we again ordered appellant to provide written proof to this court that either: (1) the reporter's fee has been paid; or

(2) appellant is entitled to the record without prepayment of the reporter's fee. *See id.* R. 35.3(b). We advised that if appellant failed to respond within the time ordered, appellant's brief would be due thirty days after the date of the order, and the court would consider only those issues or points raised in appellant's brief that did not require a reporter's record for a decision. *See id.* R. 37.3(c).

On February 7, 2017, the court reporter filed the portions of the reporter's record requested by appellant. We therefore assume the reporter received payment as directed by this court, although no proof of payment was filed in this court by appellant. Accordingly, as the appellate record is now complete, we **ORDER** appellant to file his brief in this court on or before **March 9, 2017**. *See id.* R. 38.6(a) (stating that unless appeal is accelerated or brought pursuant to rule 31, appellant's brief is due within thirty days from the date either the clerk's record or the reporter's record is filed, whichever is later).

We **order** the clerk of this court to serve a copy of this order on all counsel.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 10th day of February, 2017.

_____
Keith E. Hottle
Clerk of Court